893 So.2d 904 (2004)
George RABB, Jr., CPA
v.
STATE BOARD OF CERTIFIED PUBLIC ACCOUNTANTS OF LOUISIANA.
No. 2004-CA-0586.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 2004.
*906 Gilbert E. Stampley, Stampley & Smith, New Orleans, LA, for Plaintiff/Appellant.
Albert J. Derbes, III, Eric J. Derbes, The Derbes Law Firm, L.L.C., Metairie, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Appellant, George Rabb, Jr. ("Mr. Rabb"), appeals an administrative agency's decision issuing a full revocation of appellant's certificate and firm permit completely barring him from the practice of public accounting. For the following reasons we affirm.

STANDARD OF REVIEW
The standard of appellate review of a decision by an administrative agency is distinct from and narrower than that which pertains to general appellate jurisdiction over civil and criminal appeals. Considerable latitude must be afforded administrative agencies to perform functions delegated to them under law, and courts should not intervene unless the administrative agencies' conduct is clearly unreasonable and arbitrary. (internal citations omitted). Holladay v. Louisiana State Board Of Medical Examiners, 96-1740 (La.App. 4 Cir. 2/19/97), 689 So.2d 718, 721. The scope and standards for judicial review of agency decision is defined in La. R.S. 49:964(G), which states:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or *907 clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
La. R.S. 49:964(G).
"A reviewing court should not set aside an administrative agencys decision to impose a particular sanction unless that decision can be characterized as arbitrary, capricious or an abuse of discretion" Holladay v. Louisiana State Board Of Medical Examiners, 96-1740 (La.App. 4 Cir. 2/19/97), 689 So.2d 718, 727, citing La. R.S. 49:964(G)(5)). Moreover, "[t]he imposition of an administrative sanction is in the nature of a disciplinary measure. In deciding what, if any, discipline to impose, the Board may be strict, moderate or lenient." Id.

FACTS AND PROCEDURAL HISTORY
The State Board of Certified Public Accountants of Louisiana ("Board") certified Mr. Rabb to practice public accounting in September of 1976. Mr. Rabb also held a CPA Firm Permit in Louisiana.
Prior to the administrative proceeding at issue, Mr. Rabb has undergone three previous administrative proceedings. These prior proceedings involved Mr. Rabb's failure to comply with professional standards; rendering, submitting or subscribing unfound opinions or audits; failure to exercise due professional competence; failure to respond to Board communications; and failure to abide by the provisions of a Board Decision. In each of these three proceedings, Mr. Rabb was administratively disciplined.
The administrative complaint filed on December 23, 2002, against Mr. Rabb was for the following: (1) noncompliance with applicable professional standards and (2) failure to receive a peer review as required by Louisiana Regulations, as well as, the Applicant's Administrative disbarment by the Legislative Auditor of Louisiana. An administrative hearing was held wherein a decision was rendered for full revocation of Mr. Rabb's certificate and firm permit, which is the subject of this appeal.

DISCUSSION
Mr. Rabb first contends that the Board's decision was affected by the Board's reliance on two conflicting standards, La.R.S. 37:79 A(13)[1] and La. Admin. *908 Code 46.XIX.1703.C[2]. This Court finds that these two provision are not conflicting standards, but two distinct and independent ways to revoke a license.
The Board properly determined that Mr. Rabb violated both La.R.S. 37:79(A)(13) and La. Admin. Code 46:XIX.1703.C. First, Mr. Rabb rendered reports and audits, which were determined, in the pre-issuance evaluations, to be unfounded. Secondly, Mr. Rabb, by presenting reports for pre-issuance reviews, expressed an opinion as to the financial statement which did not comply with the applicable professional standards until the changes provided by the reviewers were made. Thus, Mr. Rabb not only violated La.R.S. 37:79(A)(13), but he also violated La. Admin. Code 46:XIX.1703.C.
This Court would like to note that Mr. Rabb violated several other independent provisions for which the Board could have revoked his license. However, Mr. Rabb does not dispute that any of the other provision were conflicting standards.
Secondly, Mr. Rabb contends that the Board's revocation of his certificate was arbitrary and capricious. In Armstrong v. Louisiana Board of Medical Examiners, 03-1241 (La.App. 4 Cir. 02/18/04), 868 So.2d 830, 838 this Court stated:
A reviewing court should not set aside an administrative agency's decision to impose a particular sanction unless that decision can be characterized as arbitrary, capricious or an abuse of discretion. Holladay v. Louisiana State Board of Medical Examiners, 96-1740, p. 18 (La.App. 4 Cir. 2/19/97), 689 So.2d 718, 727 citing La. R.S. 49:956(5)). The imposition of an administrative sanction is in the nature of a disciplinary measure. In deciding what, if any, discipline to impose, the Board may be strict, moderate or lenient. Holladay, 96-1740 at p. 18, 689 So.2d at 727.
The Board in this case decided to be strict and revoke Mr. Rabb's certificate and firm permit. On three prior occasions the Board imposed less severe discipline. However, Mr. Rabb's problems continued resulting in less strict disciplinary measures being ineffective. This Court finds that the Board properly used its discretion in revoking Mr. Rabb's certificate and firm permit.
Lastly, Mr. Rabb contends that the Board's decision to revoke plaintiff's certificate and firm permit is not supported or sustainable by a preponderance of evidence. La.R.S. 37:72 states:
The legislature hereby finds and declares that the purpose of this Part is to promote reliability of information that is used for guidance in financial transactions or for accounting for or assessing the financial status or performance of commercial, noncommercial, and governmental enterprises. The public interest requires that persons professing special competence in accountancy or offering assurance as to the reliability or fairness of presentation of such information shall have demonstrated their qualifications to do so, and that persons who have not demonstrated and maintained such qualifications not be permitted to represent themselves *909 as having such special competence or to offer such assurance. The public interest further requires that the conduct of persons and firms certified, permitted, or licensed as having special competence in accountancy be regulated in all aspects of their professional work, that a public authority competent to prescribe and assess the qualifications and to regulate the conduct of licensees be established, and that the use of titles that have a capacity or tendency to deceive the public as to the status or competence of the persons using such titles be prohibited.
La.R.S. 37:72 (emphasis added).
The Board's Investigating Officer and Compliance Administrator monitored pre-issuance reviews performed on Rabb. The following pre-issuance reviews reflected a substantial departure from applicable professional standards or deficiencies serious enough to consider whether professional standards were being satisfied with implementation of corrections suggested by the reviewers. These instances included the following audits: (1) Desire Community Housing Corporation period ended December 31, 1996, reviewed by J. David Stagli, CPA, Stagli & Company, L.L.C. January 1998; (2) Maurice Family Day Care Services, reviewed by Joy Shelvin, CPA, February 1998; (3) Women Entrepreneurs for Economic Development, Inc., reviewed by Joy Shelvin, CPA, March 1998;(4) Sarah Allen Child Care Center, reviewed by Joy Shelvin, CPA, May 1998; (5) Desire Community Housing for period ending December 31, 1997, reviewed by Bruno. In addition to the pre-issuance reviews, the Board's Practice Monitoring Administrator performed a review of Rabb's audits of St. Maurice Family Day Care Services for the year ended September 30, 2001 and the B.W. Cooper RMC for the year ending September 30, 2001. The findings reflect significant deficiencies. The Practice Monitoring Administrator concluded, and the Investigating Officer concurred, that the audit reports and work papers were not in compliance with applicable professional standards.
For the forgoing reasons, this Court finds that the Board did not error in revoking Mr. Rabbs certificate and his firms permit.
AFFIRMED.
NOTES
[1] La. R.S. 37:79(A)(13) states:

A. After notice and a hearing as provided for in R.S. 37:81, the board may revoke any certificate or permit, or suspend for a period of not more than five years, or refuse to issue or renew any certificate or permit, reprimand, censure, or limit the scope of practice of any licensee, impose an administrative fine not to exceed one thousand dollars per violation, or place any licensee on probation, all with or without terms, conditions, and limitations, for any one or more of the following reasons:
* * *
(13) Rendering, submitting, subscribing, or verifying false, deceptive, misleading, or unfounded opinions, reports, or audits.
[2] La. Admin. Code 46:XIX.1703.C states:

Professional Standards. A licensee shall not act or imply that he is acting as a CPA by permitting association of his name or firms name, issuing a report, or expression an opinion, in connection with financial statements, elements thereof, or the written assertions and representations of a client, or by the performance of professional services, unless he has complied with applicable professional standards. This rule does not apply in any instance in which such compliance would otherwise be prohibited by the act or by rule of the board.